United States
vs.
Marshall Payne
1:20-cr-00024-1

MBH

Honorable Judge Manish S. Shah,

Well I know it's probably to late to appeal my sentence but I just need to let you know what happen in my case with Mr. Greenberg, the prosecutor, which was unfair & unethical to Defendants like me who put our life in the hands of attorney's who sell us out for whatever reason. We, suppose to trust them because they did all that schooling & we dont know nothing about the law, but what are we to do when we find out that we are just another case that our attorney wants to get off his desk? Now I want you to know that I feel that the 48 months you gave me were fair based on the guideline's that were presented in your court but I didn't sign to those guideline's even though I had A chance to do so twice, I didn't like those guidelines so I was set for trial & my Attorney Mr. Greenberg knew I wasn't going to sign the Plea Agreement for 51-63 month's so I had him look into my state case to see if I could get it over turned (Exhibit A) email on (04-04-2022 at 6:52pm) clearly ask Mr. Greenberg what's going on with my state case, to which he responds 8 day's later (04-12-2022 at 5:06pm), telling me that they received the wrong transcript for A skokie case. Also in the same email you see Mr. Greenberg tell me to plea out to the plea that was out there at the time which was the (51-63 months). I replied 2 hours later on (04-12-2022 at 7:05pm), tell him I'm not pleading to what was out there until everything I wanted looked into was done. On (05-05-2022 at 8:51am), I emailed him wishing him well that I told him I hadn't heard

**FILED**

NOV 15 2022 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case: 1:20-cr-00024 Document #: 103 Filed: 11/15/22 Page 2 of 13 PageID #:994

nothing back from him? I was assuming we were going to trial; that we needed to talk so we can start preparing for it and that I had a few things that I feel will help my Case. Also that I didn't want to wait til the last minute. And could he get in contact with me A.S.A.P.

Mr. Greenberg Replied on the same day (05-05-2022 at 10:36 am) to which he claimed that I had heard back from him; he had no idea what I was talking about. He claimed that he had ordered the transcripts from the plea; he was waiting. Mr. Greenberg went on to tell me that I can go to trial if I wanted to go but that would be foolish. (Exhibit B)

I had no emails between (04-18-2022 at 4:30pm til 05-05-2022) from Steve Greenberg or no phone calls either. These are all records that can be obtained from (Mcc Chicago).

I go on to tell Mr. Greenberg that I hadn't heard from him in 2 weeks when I asked him to check with the Prosecutor to see what was their Position in waiving my Juvenile from my P.S.I since it was A misdeeminer. I went on to tell him I, was going to do what "I" see fit. "I" have to do the time so I'm going to make the decision on what to do? as long as he did his best that's all I care about. (Also in Exhibit B) (05-06-2022 at 1:14pm)

Ten days later on (05-16-2022 at 8:19am) I emailed Mr. Greenberg telling him I wanted him to subpoena all the police's body cam that were in the same unit, GPS info for their Car, Any Complaints filed on both officers, A copy of what time they ran my name? from where were they, also when did they run the vehicle info? that I needed to send an investigator

out to talk to a possible witness. (Exhibit C)
To which I received a reply 4 hours later (05-16-2022 At 12:36pm), telling me that he had all the discovery he needed to litigate my case. That I was looking at 30-37 months. That he was going to forward me the plea. That he assume I was going to sign the plea agreement since that is exactly what I discussed with him. (exhibit C)
Mr. Greenberg Affirmed me that the plea process is excruciatingly slow, with multiple layers of review by the bosses (exhibit D), with the process being as it is it hard to believe that many people overlooked the fact that the (Case number doesn't match, he had felonies around the date I was born. (see Exhibit E) felonies in 1983 for Robbery, 1983 for burglary, 1990 for Possession of Controlled substance. As well, the probation officer who does the P.S.R. didn't see a problem with her investigation which is why she recomended 37 months. I find it hard to believe that this was overlooked by many professional personal and was only raised after I signed and the P.S.I came back. With that being said I believe this was done intentionally because prior to me signing the plea agreement I kept denying the plea agreement they presented to me the prior two times of 51-63 months. I was planning to take this case to trial until the agreement presented the new plea of 30-37 months. Which is what all parties agreed to and PSI came back within those guidelines as well. There was Plain error that occurred in this court when the government breached the plea agreement and the breach prejudiced me and seriously affected the integrity, fairness, and public reputation of the

proceedings. The government breached it promise in the plea agreement to recommend a sentence within the guideline range by advocating for an above-guidelines sentence. For these reasons, the error that was plain occurred here, and the error affected my substential rights. (U.S. v. Malone, 20-12744, (11th cir. October 26, 2022))

United States
vs
Marshall Payne

1:20CR00024-1

```
 1   STATE OF ILLINOIS  )
                        )  SS:
 2   COUNTY OF C O O K  )

 3       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT - CRIMINAL DIVISION
 4                 SECOND MUNICIPAL DISTRICT

 5   THE PEOPLE OF THE STATE  )
     OF ILLINOIS,             )
 6                            )
                  Plaintiff,  )
 7                            )
           vs.                )   No.  02 CR 232589
 8                            )
                              )
 9   MARSHALL PAYNE,          )
                              )
10                Defendant.  )

11            EXCERPT OF PROCEEDINGS had at the hearing

12   in the above-entitled cause before the HONORABLE

13   SHELLEY SUTKER-DERMER, Judge of said court, on the 4th

14   day of April, 2003.

15       APPEARANCES:

16       HONORABLE RICHARD A. DEVINE,
         STATE'S ATTORNEY OF COOK COUNTY, by:
17       MR. CHRISTOPHER PFANNKUCHE,
         ASSISTANT STATE'S ATTORNEY,
18            Appeared on behalf of the People;

19       MR. EDWIN A. BURNETTE,
         PUBLIC DEFENDER OF COOK COUNTY, by:
20       MR. ANDREW E. SOHN,
         ASSISTANT PUBLIC DEFENDER,
21            Appeared on behalf of the Defendant.

22

23
     TRACI L. PANKEY, C.S.R.
24   CERTIFIED SHORTHAND REPORTER
     License No. #084-003980
                             1
```

(Exhibit E) 1 of 6

```
 1                    *   *   *   *   *   *
 2                    (Whereupon there were proceedings had
 3                    that were not transcribed)
 4       THE COURT:  Evidence in this case did not support
 5  intent.  Although the State argued it did, there is no
 6  indication there is intent.
 7                    Question is, is there sufficient evidence to
 8  prove beyond a reasonable doubt Defendant possessed
 9  heroin or controlled substance on date of the offense.
10                    The issue here is whether State has met
11  their burden of proof.  Defense would say story is so
12  preposterous State could not based on evidence of the
13  officers prove beyond a reasonable doubt Defendant had,
14  in fact, possession of narcotics in plastic bag and
15  stuffed it in a wall, in brick area, and State would
16  argue it has argued the Defendant's story is
17  preposterous in the way he got arrested.
18                    Not only did he get arrested in a way that
19  indicated they had nothing on him, they had to figure
20  it out at station, and at station they put the drug
21  case on him.  When they were on call, apparently by his
22  testimony, for some type of fight.
23                    I obviously have the job of weighing
24  credibility of the witnesses.  This Court finds in
```

Exhibit E 2 of 6

```
 1   favor of the State.  In terms of the officers'
 2   testimony.  Impeachment of whether it was I clearly
 3   believe officer in the writing as opposed to the
 4   (unreadable steno) for impeaching the officers'
 5   testimony.  When it indicated four packets; and, if
 6   anything, if they were to going to put it on him, make
 7   up entire story, they're not going to put 16 packets
 8   down inventory form.  In any event, I will indicate I
 9   did believe testimony of the officers things
10   (unreadable steno).  He was credible.
11             And I am finding Defendant guilty of Class 4
12   felony possession of controlled substance.  I will
13   order pre-sentence investigation, bring this case back
14   here for May 2nd for purposes of sentencing.  What that
15   means, somebody will interview you from the Social
16   Services Department.  I am not sure if they will do it
17   at this point in the afternoon, or I have to bring you
18   back another date.
19             State?
20        MR. PFANNKUCHE:  At this time, I know Defendant is
21   in custody.  Should he make bond, I ask Court revoke
22   his bond.  He has now been found guilty by this Court.
23   He has, for the record, if I may?
24        THE COURT:  No.  I know he has two felony
```

3

Exhibit E 3 of 6

```
 1   convictions.
 2        MR. PFANNKUCHE:  He has more than that, Judge.  I
 3   would like to apprise the Court of his background.
 4             Defendant has at this point felony
 5   conviction Class 2 for delivery of controlled
 6   substance.  October 23rd, 1998.  Defendant has felony
 7   conviction for robbery, January 13, 1995.  Defendant
 8   has -- that was penitentiary time to both of those.
 9             Defendant has felony conviction for
10   possession of controlled substance, November 13, 1990,
11   penitentiary time.  Defendant has felony conviction for
12   burglary, August 1st, 1983.  Class 2 felony again,
13   penitentiary time.  Defendant has felony conviction for
14   robbery, August 1st, 1983, penitentiary time.
15        MR. SOHN:  Can we say in the last 20 years.
16        THE COURT:  That is within last 20 years because he
17   was sentenced.  Anything else?
18        MR. PFANNKUCHE:  I am stopping at this point.
19        THE COURT:  Motion to revoke bond granted, unless
20   you wish to respond to that.  Your client appears to be
21   in custody?
22        MR. SOHN:  Yes, Judge.
23        THE COURT:  Motion to revoke bond granted.
24        MR. SOHN:  We are asking for TASC evaluation.
```

4

Exhibit E 4 of 6

```
 1      THE COURT:  Based on your (unreadable steno) to
 2 change date, continued it to (unreadable steno) you go
 3 by agreement for purposes of post-trial motions you can
 4 file them it would have to be May 8 for purposes of
 5 sentencing with TASC evaluation.  I will order TASC
 6 evaluation.
 7      MR. PFANNKUCHE:  By agreement May 8.
 8      THE COURT:  It will be order of Court, May 8 for
 9 purposes of sentencing and post-trial motions.  Wish to
10 file them, file them before that date.  Do you have any
11 objection to that being date he needs to be sentenced
12 30 days.  We will make it May 8.  You wish to file them
13 file them that date.  There is no way to get
14 pre-sentencing investigation or TASC evaluation prior
15 to 30 days.  That is the order.
16           (Whereupon, the above-entitled cause was
17              continued to May 8, 2003.)
18
19
20
21
22
23
24
```

Exhibit E 5 of 6

```
 1   STATE OF ILLINOIS   )
                         )
 2   COUNTY OF C O O K   )

 3            IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                    COUNTY DEPARTMENT-CRIMINAL DIVISION
 4                      SECOND MUNICIPAL DISTRICT

 5

 6            I, Traci L. Pankey, Certified Shorthand

 7   Reporter for the Circuit Court of Cook County, do

 8   hereby certify that I transcribed to the best of my

 9   ability, the foregoing Report of Proceedings from the

10   notes of MARGO DEPHILLIPS, a Certified Shorthand

11   Reporter, and that the foregoing is a true and correct

12   transcript of said Report of Proceedings as appears

13   from the stenotype notes had before the Honorable

14   SHELLEY SUTKER-DERMER, Judge of said Court.

15
                        [signature: Traci L Pankey, CSR]
16

17                       Certified Shorthand Reporter
                         License No. 084-003980
18

19

20   Dated this 5th

21   of May, 2022

22

23

24

                              6
```

Exhibit E 6 of 6

Marshall Paine #4SS98-424
Metropolitan Correctional Center
71 W Van Buren
Chicago, IL 60605

LEGAL MAIL

Honorable Judge Manish S. Shah
219 S. Dearborn
Chicago IL 60604

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST, CHICAGO, IL 60605
The enclosed letter was processed through special mailing procedures for forwarding to you
This letter has neither been opened nor inspected.

NOV 09 2022

If the writer raises a question or problem over which this facility has jurisdiction,
you may wish to return the material for further information or clarification.
If the writer encloses correspondence for forwarding to another addressee,
please return the enclosure to the above address.

Legal Mail

11/15/2022-39